IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      Case No.: 21-cr-95-wmc

DAVID BARBER,

        Defendant.

PRELIMINARY ORDER OF FORFEITURE

Based upon the motion of the United States, the entire file in this case, and good cause appearing, the Court finds that:

1.      On October 12, 2022, a federal grand jury sitting in Madison, Wisconsin returned an Indictment against defendant David Barber. The one-count information charged that on or about December 20, 2020, the defendant knowingly possessed a firearm, that is a loaded Weihrauch .45 Colt handgun, that has moved in interstate commerce, within a distance of 1,000 feet of the grounds of Aldrich Intermediate School, a place that the defendant knew and had reasonable cause to believe was a school zone in violation of Title 18, United States Code, Sections 922(q)(2)(A) and 924(a)(4). The indictment also contained a forfeiture allegation for the forfeiture of firearms and ammunition involved in the commission of the offense, including, but not limited to a Weihrauch .45 Colt handgun and .45 Colt ammunition.
ECF No. 50.

2. Pursuant to the amended plea agreement, the defendant agreed to the forfeit the assets seized by law enforcement on December 20, 2022. ECF. No. 48.

3. On October 12, 2022, the defendant pleaded guilty to the one-count information. ECF No. 51.

IT IS THEREFORE ORDERED:

1. That based upon David Barber's plea agreement, and pursuant to 18 U.S.C. § 924(d)(1); 28 U.S.C. § 2461(c); 21 U.S.C. § 853; and Rule 32.2 of the Federal Rules of Criminal Procedure, the defendant forfeits to the United States his right, title, and interest in the following:

    a. any firearms and ammunition involved in the commission of the offense, including, but not limited to a Weihrauch .45 Colt handgun and .45 Colt ammunition.

2. The government is directed to seize and take custody of the above-referenced property.

3. Pursuant to 21 U.S.C. § 853(n), as incorporated by 28 U.S.C. § 2461(c), the United States shall publish notice of the order and of its intent to dispose of property in such a manner as the Attorney General may direct. Any other person, other than the defendant, having or claiming a legal interest in any of the forfeited property must file a petition with the Court within thirty days of final publication notice or receipt of actual notice, whichever is earlier.

a. The petition shall be for a hearing to adjudicate the validity of a petitioner's alleged interest in the forfeited asset, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited asset and any additional facts supporting the petitioner's claim and the relief sought.

b. To the extent practicable, the United States may also provide direct written notice to any person who has an alleged interest in the forfeited asset, as a substitute for published notice.

4. Upon adjudication of any and all third-party interests, this Court will enter a Final Order of Forfeiture, pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

ORDERED this 26th day of October 2022.

_____
WILLIAM M. CONLEY
United States District Judge